UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HUEY J. HUDDLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CV-597 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 15] and the defendant's motion for summary judgment. [Doc. 16]. Plaintiff Huey J. Huddleston seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant met the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through March 31, 1997.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. His mental impairment(s) imposed at all times relevant herein no more than mild restriction of activities of daily living or moderate limitation of ability to maintain social functioning. There have been no extended episodes of mental deterioration or decompensation, and no showing of inability to function adequately outside of a highly supportive setting.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: the ability to lift and carry up to 10 pounds occasionally, to combine sitting and standing walking for as many as 8 hours (with standing limited to 15 minute[s] and sitting limited to 60 minute intervals), and to perform occasional postural activities. Further, the claimant has a limited but satisfactory ability to deal with job stress, maintain concentration and attention, perform detailed tasks, and demonstrate reliability.

8. The claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 20 C.F.R. 404. 1565 and 416.965).

2

> 9. The claimant is a "younger individual" (20 C.F.R. §§ 404.1563 and 416.963).
>
> 10. The claimant has a "marginal education" (20 C.F.R. §§ 404.1564 and 416.964).
>
> 11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).
>
> 12. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 C.F.R. § 416.967).
>
> 13. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rules 201.25 and 201.19 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs are cited in the body of this decision.
>
> 14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through March 31, 1997, or through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Tr. 27-28).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ

3

or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

First, plaintiff contends that he meets or equals the requirements for Listing 12.05C, Mental retardation, and Listing 1.04A, Disorders of the spine. Plaintiff argues that a claimant can meet Listing 12.05C for mental retardation based on an IQ score at or below 70 if it is accompanied by another impairment that imposes additional and significant work-related limitations of function. Furthermore, he insists that he meets the requirements of Listing 1.04A and cites as support examinations he insists document his reduced lumbar range of motion.

However, the Commissioner contends that in order to satisfy Listing 12.05C, plaintiff first has to satisfy the diagnostic description of mental retardation, which she maintains the plaintiff did not satisfy. (Tr. 23). Furthermore, the Commissioner points out that there was no evidence in the record to establish the existence of intellectual deficiency before the age of twenty-two, as Ms. Branton, a licensed psycholocial examiner, and Dr. Seidner, a psychologist, examined plaintiff in May 1997, at the age of forty, and diagnosed borderline intellectual functioning, not mental retardation. (Tr. 467-71). Moreover, after examining plaintiff again, Dr. Seidner and Ms. Garland again diagnosed plaintiff with borderline intellectual functioning, not mental retardation. (Tr. 108-09). Additionally, the Commissioner notes that plaintiff had not

4

demonstrated evidence of "deficits in adaptive behavior" because the record demonstrates that plaintiff completed the tenth grade, was married, drove, and worked full-time for a number of years, all of which shows more than adequate adaptive functioning. (Tr. 285, 462, 468, 513-14). Therefore, the Commissioner maintains that the plaintiff failed to establish the threshold criteria for consideration under Listing 12.05C, and thus, the ALJ's conclusion that plaintiff did not meet the listing for mental retardation was reasonable.

With respect to Listing 1.04A, the Commissioner contends that plaintiff offers no record evidence to show motor loss and sensory or reflex loss pursuant to Listing 1.04A, noting that plaintiff merely cites examinations which document his reduced lumbar range of motion, positive straight leg raise test, and complaints of tenderness, which she maintains do not satisfy the requirements of Listing 1.04A. She contends that the record documents plaintiff's normal neurological functioning, including normal strength, normal reflexes, and normal sensation. (Tr. 99-100, 379, 463-64).

The plaintiff has the burden to show that he meets or equals an impairment listed in Appendix 1 to the Regulations. See Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). To meet the requirements of a listed impairment, plaintiff must meet all of the elements of the listed impairment. See Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1083 (6th Cir. 1987).

Listing 12.05, Mental retardation, is defined as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

5

Case 3:04-cv-00597   Document 18   Filed 12/12/05   Page 5 of 10   PageID #: 5

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. § 404, Subpt. P, App. 1.

Listing 1.04A provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>   A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) [.]

20 C.F.R. § 404, Subpt. P, App. 1.

In light of the foregoing, I find the Commissioner's arguments persuasive regarding whether plaintiff has listing level impairments. The Regulations require that, to satisfy the requirements of a listing, a claimant must satisfy all of the listing's criteria, including the diagnosis or underlying impairment. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001) ("A claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder."); 20 C.F.R. Pt. 404, Subpt. P, App. 1, §

6

12.00A ("If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing"). As the Commissioner points out, no psychologist diagnosed mental retardation, but instead diagnosed borderline intellectual functioning. Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence.). Furthermore, I agree with the Commissioner that plaintiff has failed to show the necessary deficits of adaptive functioning, with initial manifestation before the age of 22, as he has a tenth grade education, is married, and has an established work history. Similarly, I agree with the Commissioner that a reduced lumbar range of motion fails to satisfy the requirements of Listing 1.04A.

Next, plaintiff contends that the ALJ erred by not giving proper weight to his treating source Ms. Terry, a physician's assistant, who opined in April 2000 that he was "disabled"; that the ALJ did not evaluate the effects plaintiff's medication would have on his ability to work; that the ALJ erred in finding that plaintiff was not entirely credible; and that the ALJ erred because he did not consider plaintiff's impairments in combination.

However, the Commissioner argues that substantial evidence supports the ALJ's residual functional capacity ("RFC") and credibility findings. She points out that Ms. Terry, a physician's assistant, was not an acceptable medical source, and as such, could not render a medical opinion. Moreover, the Commissioner notes that whether or not plaintiff was "disabled" is an issue reserved to the Commissioner. The Commissioner contends that the ALJ reasonably relied on the opinions of Drs. Misra and Dube in reaching his RFC finding. (Tr. 25, 101-04, 465-66).

With respect to the ALJ's credibility determination, the Commissioner argues that the ALJ properly considered a variety of factors. She points out that the objective medical evidence did not support plaintiff's allegations of disabling symptoms, noting that although plaintiff complained of back pain with radiation down his legs, examinations consistently showed normal neurological functioning, including normal strength, normal reflexes, and normal sensation. (Tr. 99-100, 379, 463-66). The Commissioner also notes that the ALJ found that plaintiff was treated conservatively for his complaints of back pain, noting that physicians concluded that he was not a surgical candidate and that he was malingering and that plaintiff had declined steroid injections. (Tr. 23-26, 381, 399). The ALJ also observed that plaintiff did not consistently require prescription pain medication, noting that plaintiff acknowledged in August 1996 that there were days on which he did not take any medication and that he experienced only occasional flare-ups of back pain, for which he required a combination analgesic and narcotic medication "on a very irregular basis." (Tr. 24-26, 150-55, 399). Furthermore, the Commissioner maintains that the record consistently shows an infrequent use of medications and shows that plaintiff did not complain to his doctors of any side-effects from his medications. Next, the ALJ observed that plaintiff's activities did not support his allegations of disabling symptoms, noting that plaintiff stated that he had been "fairly active," that he planned to go deer hunting, that he worked in his garden, and that he drove or rode in a large truck to help out a family member. (Tr. 23-26, 85, 95, 149-55, 385, 393). Next, the ALJ noted that despite plaintiff's complaints of depression, the record did not document that his physicians had ever referred him to mental health therapy or prescribed any psychotropic medication. (Tr. 25). Lastly, although plaintiff claims that the ALJ erred because he did not consider plaintiff's impairments in combination, the Commissioner insists that the ALJ referred to plaintiff's "impairments" in the plural and that

8

he clearly stated that he considered plaintiff's impairments in combination. (Tr. 23, 27).

I agree with the Commissioner that the objective medical evidence supports the ALJ's RFC finding, Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) ( ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect his RFC), and that the ALJ reasonably relied on the opinions of Drs. Misra and Dube instead of the opinion of Ms. Terry, a physician's assistant, who had opined that plaintiff was disabled. (Tr. 92)  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1), 404.1527(f)(2)(i), 416.927(f)(2)(i).  Furthermore, I agree with the Commissioner that the ALJ reasonably found plaintiff's credibility lacking in light of the objective medical evidence, plaintiff's activities, and his conservative treatment.  (Tr. 23, 213, 218-19) Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987) (determinations of credibility related to subjective complaints rest with the ALJ).  Lastly, as the Commissioner points out, the ALJ considered plaintiff's "impairments" in combination by referring to plaintiff's impairments in the plural and by stating that he considered his impairments in combination (Tr. 23, 27).  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 591-92 (6th Cir. 1987)  (ALJ considered claimant's impairments in combination where the ALJ referred to "a combination of impairments" in finding that the claimant did not meet the requirements of a listed impairment and when the ALJ referred to the claimant's "impairments" in the plural).

9

In light of the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 15] be **DENIED** and that the defendant's motion for summary judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

　　s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).