UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HUEY J. HUDDLESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:04-CV-597 |
| ) | (VARLAN/SHIRLEY) |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 19] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 18]. Magistrate Judge Shirley found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 15] be denied and that defendant Commissioner's motion for summary judgment [Doc. 16] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first contends that the ALJ erred in failing to find the plaintiff meets or medically equals Listing 12.05, Mental retardation, and/or Listing 1.04, Disorders of the spine. Specifically, plaintiff complains that the record does not reflect that any physician was ever asked if Listing 12.05 or Listing 1.04 was met or equaled and therefore the ALJ should have obtained an expert medical opinion as to medical equivalency. Although the issue of whether plaintiff meets Listing 12.05 or Listing 1.04 was thoroughly reviewed by the ALJ and Judge Shirley in the R&R, the issue of medical equivalence was not addressed in the R&R and it was not one of the arguments identified as such in plaintiff's motion for summary judgment [Doc. 15]. Even if this argument had been raised, the medical equivalency analysis requires that *the claimant* prove by a preponderance of the evidence that there are other medical findings of equal or greater clinical significant that relate to the same impairment. 20 C.F.R. §§ 404.1526(a), 416.926(a); *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). Moreover, the ALJ is not required to "articulate, at length, the analysis of the medical equivalency issue." *Bledsoe v. Barnhart*, 2006 WL 229795

(6th Cir. Jan. 31, 2006). The record reflects that the ALJ reviewed all of plaintiff's impairments and concluded that his impairments did not meet or equal a listed impairment.

To the extent that plaintiff objects to Judge Shirley's conclusion that plaintiff did not meet the requirements of listings 12.05 or 1.04, the Court concludes that Judge Shirley's analysis of these issues was correct. It is well settled that a plaintiff must meet *all* of the elements of a listed impairment. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). Listing 12.05, mental retardation, states in pertinent part as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

20 C.F.R. § 404, Subpart P, App. 1. Thus, the plain language of the listing requires "evidence" that the impairment manifested before the age of 22. The record is simply devoid of evidence that demonstrates or supports the onset of the impairment before age 22. The Court therefore agrees that plaintiff has not met his burden of demonstrating that he meets or equals the criteria in Listing 12.05.

Listing 1.04 states in pertinent part:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) ... .

20 C.F.R. § 404, Subpart P, App. 1. Judge Shirley concluded that a reduced lumbar range of motion fails to satisfy the requirements of Listing 1.04A. The Court agrees and notes that there is no record evidence to show motor loss and sensory or reflex loss as required to meet or equal Listing 1.04A.

3

Plaintiff next contends that the ALJ erred in failing to properly evaluate the plaintiff's pain allegations. The Court disagrees. The ALJ's opinion clearly sets forth a review of the plaintiff's impairments, including his complaints of pain. (Tr. at 22-25.) The ALJ also noted that plaintiff's subjective complaints were not entirely credible in light of the variety of activities in which he was able to participate such as hunting, grocery shopping, attending church. The ALJ properly considered all of this evidence in evaluating plaintiff's complaints of disabling pain, *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993), and the Court concludes that this objection is without merit.

Plaintiff argues that the ALJ erred in failing to give proper weight to the opinion of the plaintiff's treating source at Clear Fork Clinic where Physician Assistant Deborah Terry opined that plaintiff is disabled. This issue was raised before Judge Shirley and he concluded that the ALJ reasonably relied on the opinions of Drs. Misra and Dube instead of Ms. Terry. The Court has reviewed the R&R on this issue and is in agreement with Judge Shirley.

Plaintiff argues that the ALJ erred in failing to consider the effects of the plaintiff's medications on his ability to work. The ALJ noted the list of medications provided to the consultative examiner as well as the prescribed medications identified in plaintiff's medical records. All of this evidence was properly reviewed and considered by the ALJ in assessing the plaintiff's residual functional capacity. This objection will be overruled.

Finally, plaintiff contends that the ALJ should have considered the effects of plaintiff's impairments in combination. This issue was also reviewed by Judge Shirley. As noted in the R&R, the ALJ considered plaintiff's impairments by referring to them in the plural and by stating that he

4

considered plaintiff's impairments in combination. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 591-92 (6th Cir. 1987). This objection is without merit.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE

5

Case 3:04-cv-00597   Document 20   Filed 02/14/06   Page 5 of 5   PageID #: 15